UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO B. GONZALES,

           Petitioner,

   v.                                          Case No. 25-CV-1915

KEVIN GARCEAU,[1]

           Respondent.

# ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Antonio B. Gonzales, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Accompanying his petition is a motion to proceed without prepayment of the filing fee. (ECF No. 2.) Having reviewed that motion, the court finds that Gonzales lacks the resources to pay the filing fee, and therefore the court will grant the motion.

The court must review the petition to determine if it is sufficient to proceed. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[1] The petitioner named the Milwaukee County Jail as the respondent. Under Rule 2(a) or the Rules Governing Section 2254 Cases, the respondent is the official having custody of the petitioner. The petitioner is incarcerated at Waupun Correctional Institution. The warden of that institution is Kevin Garceau. The caption is updated accordingly.

Gonzales's petition relates to his conviction earlier this year in Manitowoc County Circuit Court case number 2024CF600. He states that he would like to withdraw his no contest plea and plead not guilty in light of new evidence. (ECF No. 1 at 2.)

Before a person may seek habeas relief in federal court, he ordinarily must exhaust his remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *Mata v. Baker*, 74 F.4th 480, 488 (7th Cir. 2023). This includes submitting his claim to one complete round of review by the Wisconsin courts to include the circuit court, the court of appeals, and the Wisconsin Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although exhaustion is an affirmative defense, *Dorgay v. Dehaan*, No. 25-CV-1429, 2025 U.S. Dist. LEXIS 183246, at *2 (E.D. Wis. Sep. 18, 2025), when it is clear from the petition that the petitioner has made no effort to exhaust his remedies in state court, dismissal under Rule 4 is appropriate. *Watkins v. Haese*, No. 23-CV-314, 2023 U.S. Dist. LEXIS 63888, at *2 (E.D. Wis. Apr. 12, 2023).

On the court's standard habeas petition form, Gonzales checked the box to indicate that he sought relief by the state's highest court. (ECF No. 1 at 3.) A review of the records of the Wisconsin Court of Appeals and the Wisconsin Supreme Court, available at https://wscca.wicourts.gov/, reveals that his appeal remains pending in the court of appeals, *see* App. No. 2025XX000275-CR. In fact, an initial brief has not yet been filed. Gonzales has never sought review by the Wisconsin Supreme Court.

Because Gonzales has failed to exhaust his remedies in state court, the court cannot grant him relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, it must dismiss his petition.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Gonzales a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Gonzales did not exhaust his state court remedies, the court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that Gonzales's motion to proceed without prepayment of the filing fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Gonzales's petition for a writ of habeas corpus is dismissed without prejudice due to his failure to exhaust his state court remedied. The court declines to issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 18th day of December, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
